**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Phyllis Mae Smith,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>HSBC Bank, *et al.*,<br><br>　　　　　Defendants. | No. CV-16-08278-PCT-JJT<br><br>**ORDER** |

At issue is Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), Wells Fargo Bank, N.A. (named as Wells Fargo Home Mortgage and America's Servicing Company), and HSBC Bank USA, N.A. as Trustee for Deutsche Bank Alt-A Securities Mortgage Loan Trust, Series 2007-AR3, Mortgage Pass Through Certificates' ("HSBC") Motion to Dismiss (Doc. 7), to which *pro se* Plaintiff Phyllis Mae Smith filed a Response (Doc. 16), and Defendants filed a Reply (Doc. 20).

**I.    BACKGROUND**

In February 2007, Plaintiff purchased a property in Lake Havasu City, Arizona, financed through a $200,000 loan from New Century Mortgage Corporation secured by a Deed of Trust. (*See* Doc. 7-1 Ex. 2, Deed of Trust at 1-2.)[1] The original beneficiary under

---

[1] The Court takes judicial notice of the Deed of Trust, Assignment of the Deed of Trust, Loan Modification Agreement, Notice of Trustee Sale, Trustees Deed Upon Sale, and Cancellations of Trustee's Sale (Doc. 7-1, Exs. 2-7), because the authenticity of these recorded documents is not in question and they are central to Plaintiff's allegations. *See Townsend v. Columbia Operations*, 677 F.2d 844, 848-49 (9th Cir. 1982); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

the Deed of Trust was Defendant MERS, which transferred its interest to Defendant HSBC in October 2007. Defendant Wells Fargo serviced the loan. Plaintiff executed a Loan Modification Agreement in August 2009 to change the loan's repayment terms, but the covenants, agreements, stipulations, and conditions of the Note and Deed of Trust remained in full force and effect.

The Trustee noticed the property for sale in 2007, 2009 and 2012, but cancelled each of those sales. (Doc. 7-1 Ex. 7.) The final Notice of Trustee Sale set the sale for December 2, 2013. (Doc. 7-1 Ex. 5.) The Trustees Deed Upon Sale shows that the Trustee sold the property on November 24, 2014. (Doc. 7-1 Ex. 6.)

Plaintiff brought this action in state court on October 19, 2016, and Defendants removed the case to this Court on November 23, 2016. (Doc. 1, Notice of Removal; Doc. 2, Compl.) Plaintiff raises 10 claims against Defendants,[2] including (1) lack of standing to foreclose; (2) fraud in the concealment; (3) fraud in the inducement; (4) intentional infliction of emotional distress; (5) slander of title; (6) quiet title; (7) declaratory relief; (8) violations of the Truth in Lending Act (TILA); (9) violations of the Real Estate Settlement Procedures Act (RESPA); and (10) rescission. (Compl. ¶¶ 55-147.) Defendants now move to dismiss all of Plaintiff's claims against them.

## II. LEGAL STANDARDS

A complaint must include "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also* Fed. R. Civ. P. 8(a). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a

---

[2] Plaintiff lists eleven causes of action in the caption of the Complaint, but raises only ten claims in the body of the Complaint. (Compl. at 1-2 & ¶¶ 55-147.)

plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint must thus contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Federal Rule of Civil Procedure 9(b) requires that, in alleging fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake." This pleading standard also applies to claims for misrepresentation. *Arnold & Assocs., Inc. v. Misys Healthcare Sys.*, 275 F. Supp. 2d 1013, 1028 (D. Ariz. 2003) (citing *Wyatt v. Terhune*, 315 F.3d 1108, 1118 (9th Cir. 2003)). To meet the Rule 9(b) particularity requirement, a plaintiff "must include statements regarding the time, place, and nature of the alleged fraudulent activities," and "'mere conclusory allegations of fraud are insufficient.'" *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc), *superseded by statute on other grounds*, Private Secs. Litig. Reform Act of 1995, Pub. Law 104-67 (codified at 15 U.S.C. § 78u-4 (1995)). Thus, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct alleged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). Furthermore,

> a plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading.

*GlenFed*, 42 F.3d at 1548.

## III. ANALYSIS

### A. Standing to Foreclose

In Count 1, Plaintiff contends that the Trustee had no standing to sell the property because the loan was securitized and Defendants "cannot show proper receipt, possession, transfer, negotiations, assignment and ownership of borrower's original Promissory Note and Deed of Trust." (*E.g.*, Compl. ¶ 25.) To begin with, as Defendants point out, Arizona law provides that a plaintiff waives "all defenses and objections to the [trustee's] sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona Rules of Civil Procedure, entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of the sale." A.R.S. § 33-811(C); *see BT Capital, LLC v. TD Serv. Co. of Ariz.*, 275 P.3d 598, 599-600 (Ariz. 2012). The Trustees Deed Upon Sale (Doc. 7-1 Ex. 6) shows that the property was sold on November 24, 2014, which Plaintiff does not refute. Instead, Plaintiff contends that she had continuously and diligently worked to avoid the Trustee's Sale but was unable to obtain the necessary injunction from the state court due to the late date on which she learned of the ultimate Trustee's Sale. (Resp. at 6-7.) Plaintiff does not provide legal support for the implied argument that she may be excused from the provisions of A.R.S. § 33-811(C), nor is the Court aware of any. Because Plaintiff did not obtain an injunction prior to the Trustee's Sale, she is precluded under Arizona law from contesting the legitimacy of the Sale by way of objections or defenses she could have raised before the Sale.

Moreover, to the extent Plaintiff would raise the "show me the note" or "holder of the note" defense, the Supreme Court of Arizona and this Court have rejected that defense repeatedly. *See, e.g., Hogan v. Washington Mutual Bank, N.A.*, 277 P.3d 781, 782-83 (Ariz. 2012) (holding that "Arizona's non-judicial foreclosure statutes do not require the beneficiary to prove its authority or 'show the note' before the trustee may commence a non-judicial foreclosure."); *Diessner v. MERS*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) (holding that defendants had no obligation to prove they are the "owner

of the Note and Deed of Trust."). While a creditor seeking to directly enforce the note in the face of default in a Uniform Commercial Code (U.C.C.) action would be required to prove its authority, Arizona's non-judicial foreclosure statutory scheme was created specifically to avoid the time and expense of that cumbersome procedure. Under A.R.S. §§ 33-801 *et seq.*, when the parties have executed a deed of trust and the debtor thereafter defaults on the promissory note, a beneficiary or trustee need not prove it is entitled to enforce the note or deed before holding a non-judicial foreclosure sale. That party must merely record the notice of trustee's sale pursuant to § 33-808 and then send the trustor notice of the default, signed by the beneficiary or his agent, setting forth the unpaid principal balance. A.R.S. § 33-809(C); *Hogan*, 277 P.3d at 783. For all the above reasons, Count 1 has no merit and the Court will dismiss it with prejudice.

**B.  Fraud**

In Count 2, Plaintiff claims Defendants, without further specificity as to which Defendant, fraudulently concealed the securitization of the loan.[3] (*E.g.*, Compl. ¶ 75.) However, to be actionable, a concealed fact must be material. *Coleman v. Watts*, 87 F. Supp. 2d 944, 951-52 (D. Ariz. 1998). As the Court alluded to above, under Arizona law, securitization of a loan is not material to its enforceability and does not affect the validity of the Deed of Trust. In other words, Defendants' alleged securitization of Plaintiff's loan did not excuse Plaintiff from making payments on the note. *See Flournoy v. BAC Home Loan Servicing*, No. CV-11-01234-PHX-NVW, 2011 WL 4482996, at *3 (D. Ariz. Sept. 28, 2011). As a result, even if Defendants concealed the loan's securitization, as Plaintiff alleges, it was not material to Plaintiff's obligations, and Plaintiff's fraudulent concealment claim therefore fails.

In Count 3, Plaintiff claims Defendants fraudulently induced her to enter into the loan and accept the associated services by misrepresenting their intention to initiate the securitization process. (*E.g.* Compl. ¶¶ 84-87.) A claim of fraudulent inducement, like

---

[3] The allegations making up Plaintiff's fraud claims lack any of the specificity required by Federal Rule of Civil Procedure 9.

concealment, requires that the alleged misrepresentation be material. *See Nielson v. Flashberg*, 419 P.2d 514, 517-18 (Ariz. 1966). For the same reasons as identified above, Plaintiff's fraudulent inducement claim fails.

### C. Intentional Infliction of Emotional Distress

In Count 4, Plaintiff claims that Defendants, again without further specificity as to which Defendant, intended to inflict emotional distress on Plaintiff by exercising the Deed of Trust's power of sale provision without the proper authority—another claim premised on the "show me the note" defense. (*E.g.*, Compl. ¶¶ 93-95.) Because Defendants were not required to show Plaintiff the note prior to foreclosure and the resulting sale, as stated above, the alleged behavior cannot be considered extreme and outrageous conduct, as required to bring an intentional infliction of emotional distress claim under Arizona law. *See Watts v. Golden Age Nursing Home*, 619 P.2d 1032, 1035 (Ariz. 1980). Accordingly, the Court must dismiss Count 4.

### D. Slander of Title

Plaintiff tries to state yet another claim on the "show me the note" defense in Count 5, a claim for slander of title. She alleges that the Notice of Default, Notice of Trustee's Sale, and Trustee's Deed were slanderous because, as she alleges in the other claims, Defendants did not have the proper authority at the time the documents were prepared. (*E.g.*, Compl. ¶¶ 102-103.) Under Arizona law, the elements of a slander of title claim are: (1) the uttering and publication of the slanderous words by a defendant, (2) the falsity of the words, (3) malice, and (4) special damages. *Zandonatti v. MERS*, No. CV 10-468-TUC-JGZ (BPV), 2011 WL 7553523, *7 (D. Ariz. Dec. 16, 2011). "Of these elements, malice has been said to be the gist of the action." *Id.* (quoting *City of Tempe v. Pilot Properties, Inc.*, 527 P.2d 515, 522 (Ariz. Ct. App. 1974)). Plaintiff has failed to allege any facts supporting malice or, for that matter, any of the four elements of slander of title. Nowhere does Plaintiff allege, for example, that she did not default on her loan such that the documents' indication that she did default was false. Because Defendants were not required to show that they held the note prior to the trustee's sale, Plaintiff's

allegations do not plausibly imply that the documents to which Plaintiff refers contained false statements and were slanderous. As a result, the Court must dismiss Count 5.

### E.     Quiet Title

In Count 6, Plaintiff asks the Court to enjoin Defendants, "and all persons claiming under them, from asserting any adverse claim to Plaintiff's title to the property" because Defendants have no right to the property. (Compl. ¶ 115.) If a party claiming property ownership attempts to clear a clouded title caused by unpaid mortgage, the claimant must satisfy the debt. *Manicom v. CitiMortgage, Inc.*, 336 P.3d 1274, 1282 (Ariz. Ct. App. 2014); *see also Farrell v. West*, 114 P.2d 910, 911 (Ariz. 1941). Plaintiff has not alleged that she paid the entire loan balance before the trustee's sale, an action required to successfully assert a quiet title claim now. *See Eason v. IndyMac Bank, FSB*, No. CV 09-1423-PHX-JAT, 2010 WL 4573270, at *3 (D. Ariz. Nov. 5, 2010) (holding that quiet title is not a remedy available to a trustor under an Arizona deed of trust until the debt is paid or tendered). Count 6 thus has no merit, and the Court must dismiss it.

### F.     Declaratory Relief

Count 7 seeks declaratory relief based, it appears, on Plaintiff's other claims and once again on an allegation that "Defendants [did] not have authority to foreclose upon and sell the property." (Compl. ¶ 119.) Specifically, Plaintiff seeks a judicial determination of the rights to the property and the validity of the Deed of Trust and Notice of Default. (Compl. ¶¶ 121-23.) For the same reasons as discussed above, Plaintiff's "show me the note" defense fails, and the Court must deny her associated request for declaratory relief.

### G.     Truth in Lending Act

In Count 8, Plaintiff claims that Defendants violated TILA by failing to disclose material information, such as the pros and cons of adjustable rate mortgages and a comparison of similar loan products with other lenders. (Compl. ¶ 130.) She also alleges that the one-year statute of limitations period for a TILA claim was "tolled due to

Defendants' failure to effectively provide the required disclosures and notices." (Compl. ¶ 131.)

The TILA disclosure provisions Plaintiff identifies apply to the party originating the loan. *See* 12 U.S.C. § 1602(g). Here, none of Defendants were the loan originator; non-party New Century Mortgage Corporation was. (Compl. ¶ 29.) Moreover, Defendant MERS is neither a creditor nor assignee as defined by TILA and thus cannot be liable under TILA. *See Abubo v. Bank of N.Y. Mellon*, No. 11-00312 JMS-BMK, 2012 WL 2022327, at *4 (D. Haw. June 5, 2012). Therefore, even if Plaintiff's TILA claim was not time-barred—which it appears it is—Plaintiff cannot state a TILA claim against Defendants for allegedly failing to make loan origination disclosures. *See Putkkuri v. Reconstruct Co.*, No. 08cv1919 WQH, 2009 WL 32567, at *3 (S.D. Cal. Jan. 5, 2009).

### H. Real Estate Settlement Procedures Act

In Count 9, Plaintiff claims Defendants violated RESPA by failing to make certain disclosures upon origination of the loan and by designing the loan to mislead her and create a windfall. (Compl. ¶¶ 139-41.) Much like the TILA claim, Plaintiff's allegations go to the 2007 loan origination, and none of Defendants were the loan originator. Moreover, the claim is time-barred. RESPA provides that a claim must be brought within either one or three years of the date of the occurrence giving rise to the claim, depending on the section of RESPA under which Plaintiff asserts a claim. *See* 12 U.S.C. §§ 2605, 2607, 2608, 2614. Here, Plaintiff brought the present RESPA claim nine years after the loan origination (and seven years after the loan modification), which is the date giving rise to any possible RESPA claim, according to the allegations in the Complaint. The claim is thus time-barred and the Court must dismiss it. *See Diessner*, 618 F. Supp. 2d at 1189.

### I. Rescission

Finally, in Count 10, Plaintiff cites TILA for a "right to rescind a loan [up] to three years from the date of closing if the borrower received false or incomplete disclosures of either the loan's terms or Borrower's right to rescind." (Compl. ¶ 145.) The claim is, on

its face, time barred; even if the claim had merit, Plaintiff must have brought it within three years of the 2007 loan origination. *See* 15 U.S.C. § 1635. Moreover, the claim is a species of Plaintiff's TILA claim in Count 8 and fails for the same reasons. As a result, the Court will also dismiss Count 10.

### J. Service of Process

The Court notes that, while it appears Plaintiff mailed waivers of service to Defendants Wells Fargo, MERS, and HSBC (Doc. 19; Reply at 11), Plaintiff has filed no certificate of service with regard to Defendant First American Trustee. While First American Trustee did not take part in the other Defendants' Motion to Dismiss, the Court may consider the moving Defendants' arguments to the extent they apply to all Defendants. *See Silverton v. Dep't of Treasury,* 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related."). Here, because First American Trustee was not the loan originator and because Plaintiff's claims otherwise fail as a matter of law, the Court will dismiss Plaintiff's claims against all named Defendants, including First American Trustee.

### K. No Leave to Amend

The Court finds that Plaintiff cannot plausibly amend the Complaint to cure the defects in her claims against Defendants. As a result, the Court will dismiss the claims with prejudice. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (noting that leave to amend should not be given when complaint's defects cannot be cured).

IT IS THEREFORE ORDERED granting Defendants Mortgage Electronic Registration Systems, Inc., Wells Fargo Bank, N.A., and HSBC Bank USA, N.A. as Trustee for Deutsche Bank Alt-A Securities Mortgage Loan Trust, Series 2007-AR3, Mortgage Pass Through Certificates' Motion to Dismiss (Doc. 7).

IT IS FURTHER ORDERED dismissing all of Plaintiff's claims against all named Defendants with prejudice.

IT IS FURTHER ORDERED directing the Clerk of Court to enter judgment accordingly and close this case.

Dated this 15th day of May, 2017.

*Honorable John J. Tuchi*
United States District Judge